JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-695 JGB (SHKx)** | Date | June 16, 2020 |
|---|---|---|---|
| Title | *Deisy Garcia v. Keefe Commissary Network, LLC, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Remand (Dkt. No. 15); and (2) VACATING the June 22, 2020 Hearing (IN CHAMBERS)

Before the Court is Motion for Remand filed by Plaintiff Deisy Garcia. ("Motion," Dkt. No. 15.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The Court vacates the hearing set for June 22, 2020.

## I. BACKGROUND

On February 19, 2020, Plaintiff filed her Complaint in the Superior Court of the State of California for the County of San Bernardino against Defendants Keefe Commissary Network, LLC and Tina Richardson. ("Complaint," Dkt. No. 7-1.)[1] The Complaint alleges eleven causes of action: (1) Disability Discrimination in Violation of FEHA; (2) Retaliation in Violation of FEHA; (3) Labor Code 1102.5; (4) Wrongful Termination in Violation of Public Policy; (5) Intentional Infliction of Emotional Distress; (6) Negligent Infliction of Emotional Distress; (7) Unpaid Wages; (9) California Labor Code § 203; (10) California Business and Professions Code § 17200; and (11) California Labor Code § 1194. (Complaint.)

---

[1] The conformed copy of the Complaint was date stamped "Feb 19 2019." (Complaint at 1.) Plaintiff states without objection from Defendants that the Complaint was filed February 19, 2020. (See Motion at 3.) Accordingly, the Court presumes that the Complaint was erroneously stamped with 2019 rather than 2020.

On April 3, 2020, Defendant Keefe removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) Plaintiff filed the Motion on May 22, 2020. Defendant opposed the Motion on June 1, 2020. ("Opposition," Dkt. No. 16.) In support of the Opposition, Defendant Keefe filed the Declaration of Tina Richardson. ("Richardson Declaration," Dkt. No. 16-2.) Plaintiff replied in support of the Motion on June 8, 2020. ("Reply," Dkt. No. 17.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III.   DISCUSSION

Defendant Keefe removed this action on the basis of diversity jurisdiction. (Notice of Removal at 1.) While Plaintiff appears to concede that the amount in controversy exceeds $75,000, she argues that the case ought to be remanded because there is not complete diversity between the parties: like Plaintiff, Defendant Richardson is a citizen of California. (Motion at 3.)

Defendant Keefe argues that Defendant Richardson's joinder was fraudulent—done solely for the purpose of defeating diversity jurisdiction—and therefore should not be considered in determining diversity jurisdiction. (Opposition at 8–11); Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been

fraudulently joined."). Defendant Keefe can establish fraudulent joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009). Because there is a "general presumption against [finding] fraudulent joinder," Defendant Keefe must bear a "heavy burden" to demonstrate that there is diversity jurisdiction despite the joinder of Defendant Richardson. See id.

Defendant Keefe fails to meet that heavy burden—it has failed to prove that Plaintiff cannot sustain any cause of action against Defendant Richardson. To prove that Plaintiff cannot sustain any claim against Defendant Richardson, Defendant Keefe must do more than show that the claims brought against her fail under Rule 12(b)(6).[2] Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 550 (9th Cir. 2018). Defendant Keefe must prove that there is no possibility that (1) the claims against Defendant Richardson would survive in the state court or (2) that they could "possibly be cured by granting the plaintiff leave to amend." Id.

Defendant Keefe makes two arguments for why a cause of action cannot be maintained against Defendant Richardson. First, it argues that Plaintiff has failed to adequately allege any facts against Defendant Richardson. (Opposition at 9–10.) The standard to determine a sham defendant, however, is higher than that for 12(b)(6). To the extent that the current claims against Defendant Richardson are deficient for want of factual detail, it is entirely plausible that Plaintiff could amend her complaint to add them. Gayou v. Ford Motor Co., 2019 WL 1325846, at *3 (C.D. Cal. Mar. 25, 2019) ("To the extent that Plaintiff's allegations in the Complaint are lacking . . . the Court sees no reason why a court would not allow him to attempt to cure any shortcomings in an amended complaint.")

Second, Defendant Keefe argues that Defendant Richardson cannot be individually liable as a matter of law for any of the labor violation claims brought against her. (Opposition at 10–11.) California Labor Code provides that any "person acting on behalf of any employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." Cal. Lab. Code § 558.1. "Any person acting on behalf of any employer" is further defined as "an owner, director, officer, or managing agent of the employer." Id.

The parties dispute whether Defendant Richardson could be considered a "managing agent." (Compare Opposition at 10 with Reply at 4–5.) "Managing agent" in section 558.1 is defined as having the same meaning as "managing agent" in Cal. Civ. Code § 3294. Cal. Civ. Code § 558.1. The California Supreme Court has held that a "managing agent" for the purposes for section 3294 includes "supervisors who have broad discretionary powers and exercise

---

[2] For this reason, the Court will not address Defendant Keefe's argument that the claims against Defendant Richardson are not adequately alleged. That argument is irrelevant to the question presented here (i.e., whether Defendant Moss was fraudulently joined.)

substantial discretionary authority in the corporation could be managing agents." White v. Ultramar, Inc., 21 Cal. 4th 563, 577 (1999).  However, it excludes "supervisors who have no discretionary authority over decisions that ultimately determine corporate policy."  Id.

Defendant Richardson is employed by Defendant Keefe as a supervisor.  (Richardson Declaration ¶ 2.)  Because "managing agent" includes some supervisors but not others, determining whether Defendant Richardson is potentially liable for Plaintiff's claims is a fact-intensive inquiry which requires the court to analyze Defendant Richardson's responsibilities and role in corporate policy.  Given the right set of facts, it is plausible that a California court could find that Defendant Richardson is liable for Plaintiff's claims.[3]  This Court cannot therefore conclude that the joinder of Defendant Richardson was fraudulent.  Accordingly, there is not complete diversity between the parties and remand is proper.

### IV.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion.  The June 22, 2020 hearing is VACATED.

**IT IS SO ORDERED.**

---

[3] Defendant Richardson's declaration includes facts suggesting she is not the type of supervisor that would be considered a managing agent.  (See Richardson Declaration ¶ 2.)  Certainly, Defendants have an interest in including testimony showing that Defendant Richardson is a supervisor with little control while excluding any evidence to the contrary.  Accordingly, the Court cannot rely on this evidence alone without giving Plaintiff the opportunity to conduct her own factual investigation.  And such extensive discovery to determine whether Plaintiff can maintain her claims against an otherwise properly joined defendant is inappropriate at this time.